UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Amy Elizabeth Tucker, | ) | C/A: 4:18-cv-03050-MBS-TER |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| Social Security Administration, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This is an appeal from a denial of social security benefits filed by a pro se litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On January 8, 2019, Plaintiff was informed of filing requirements for Plaintiff's brief once the record was filed by the Social Security Administration. (ECF No. 15). The record was filed by SSA on May 24, 2019 (ECF No. 23). Plaintiff has not complied with those filing requirements. Plaintiff is given **14 days from the date of this order plus 3 days for mailing** to comply with the prior order by filing a written brief setting out her arguments in support of her claim that Social Security benefits were improperly denied. **Plaintiff's brief shall contain the following items, under the appropriate headings and in the order here indicated:**

(a)     A statement of the issues presented for review, set forth in separately numbered paragraphs.

(b)     A statement of the case. This statement should briefly indicate the course of the proceeding and its disposition at the administrative level and should set forth a general statement of the facts. The statement of the facts shall include plaintiff's age, education, work experience, if relevant, and a summary of other evidence of record. Each statement of fact shall be supported by reference to the page in the record where the evidence may be found.

(c)     An argument. The argument may be preceded by a summary. The argument shall be divided into sections separately addressing each issue and must set forth plaintiff's contentions with respect to the issues presented and reasons therefore. Each contention must be supported by specific reference to the portion of the record relied upon and by citations to statutes, regulations, and cases supporting plaintiff's position. Cases from other districts and circuits should be cited only in conjunction with relevant cases from this jurisdiction or if authority on point from this jurisdiction does not exist.

(d)     **A short conclusion stating the relief sought. The issues before the court are limited to the issues properly raised in the briefs**.

Defendant has 40 days to file a responsive brief after service of Plaintiff's brief. See Local Civ. Rule 83.VII.05 (D.S.C.). **Plaintiff may file a reply brief within 14 days of being served with Defendant's responsive brief.**

## NOTIFICATION OF THE CONSEQUENCES OF FAILING TO FILE A BRIEF AS REQUIRED BY PARAGRAPHS (a)-(d) ABOVE

A party's brief may be its only opportunity to set forth arguments that entitle the party to a judgment in its favor. The failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments. In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III
June 28, 2019                                  Thomas E. Rogers, III
Florence, South Carolina              United States Magistrate Judge